**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADAMA DIALLO, | No. 10-70148 |
| Petitioner, | Agency No. A097-597-051 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2012[**]

Before:     FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Adama Diallo, a native and citizen of Mauritania, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT").  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the omission from Diallo's initial asylum application and his 2006 declaration that he and his parents were slaves, and the discrepancy between his testimony and his application regarding whether he escaped to Senegal or was taken there by force. *See Kohli v. Gonzales*, 473 F.3d 1061, 1071 (9th Cir. 2007); *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) ("An IJ is not obliged to provide a protracted written or oral analysis of the alien's proffered explanation."). In the absence of credible testimony, Diallo's asylum and withholding of removal claims fail. *See Farah*, 348 F.3d at 1156.

Because Diallo's CAT claim is based on the same testimony the agency found not credible, and he points to no other evidence showing it is more likely than not he will be tortured if returned to Mauritania, his CAT claim also fails. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**